IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.  ) | CRIMINAL NO. 02-00116-CG |
| ) | |
| **GERALD EUGENE BENNETT,** ) | |
| ) | |
| Defendant. ) | |

# ORDER

This matter is before the Court on defendant, Gerald Bennett's (Bennett"), Motion to Vacate Judgment. (Doc. 276). Upon consideration and for the reasons set forth herein, the motion is DISMISSED for lack of jurisdiction.

In November 2002, a jury convicted Bennett of conspiring to possess with intent to distribute and manufacture methamphetamine in violation of 21 U.S.C. § 846, (Count I), attempting to manufacture methamphetamine in violation of 21 U.S.C. § 846 (Count II), possessing with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Count III), using a firearm during and in relation to two drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1) (Count IV), attempting to kill Mobile County Sheriff's Deputy in violation of 18 U.S.C. §§ 115 and 2 (Count V), being a felon in possession of two firearms in violation of 18 U.S.C. § 922(g)(1) (Count VI), possessing two firearms in violation of 18 U.S.C. § 922(g)(3) (Count VII), and possessing a semi-automatic shotgun which had not been registered to him in the National Firearms Registration and Transfer Record in

violation of 26 U.S.C. § 5861(d) (Count VIII). (Doc. 126). On February 18, 2003, Bennett was sentenced to 288 months as to Counts One and Two; 240 months as to Counts Three and Five; 120 months as to Counts Six, Seven, and Eight; all to run concurrently and 120 months as to Count Four to run consecutively. (Doc. 141).

On February 26, 2003, petitioner appealed his conviction and sentence. (Doc. 142). On August 4, 2004, the Eleventh Circuit Court of Appeals issued a mandate affirming petitioner's convictions and sentence. (Doc. 157). The United States Supreme Court vacated that judgment and remanded the case to the Eleventh Circuit for reconsideration under *U.S. v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (Jan. 12, 2005). On July 1, 2005, the Eleventh Circuit reinstated its opinion affirming petitioner's sentence. (Doc. 158). On May 15, 2006, Bennet filed a Motion to Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 161) which was denied on March 22, 2007 (Doc. 175). On April 16, 2007, Bennett filed a notice of appeal of the denial of his 2255 motion. (Doc. 176). Thereafter, on July 19, 2007, the Eleventh Circuit denied Bennett a Certificate of Appealability. (Doc. 184). Finally, on July 7, 2016, the Eleventh Circuit denied Bennett's application for an Order authorizing the district court from considering a second or successive motion to set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 237).

Relevant to the motion before the Court, Bennett filed his first motion to vacate pursuant to 28 U.S.C. § 2255 in May 2006 (Doc. 161). The motion was denied. (Doc. 175). Bennett has now filed a "Motion to Vacate Judgment The United States Supreme Court Deemed Unconstitutional and Resentence. Challenge

to PSR." (Doc. 276).  Because Bennett previously sought relief pursuant to 28 U.S.C. §2255, he must obtain certification from the Eleventh Circuit Court of Appeals before he may file another motion pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(h) and 28 U.S.C. § 2244(b)(3) (3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Baker v. United States*, 791 Fed. Appx. 884, 2020 WL 428928, at *1 (11th Cir. Jan. 28, 2020) ("'Without authorization, the district court lacks jurisdiction to consider a second or successive [motion].'") (quoting *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005)); Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts (a party must obtain authorization from the appropriate court of appeals before presenting a second or successive motion).  Since Bennett has not obtained authorization, his motion is **DISMISSED** for lack of jurisdiction.

    **DONE** and **ORDERED** this 10th day of September, 2021.

                                            /s/ Callie V. S. Granade
                                            UNITED STATES DISTRICT JUDGE